the performance of acts without the scope and ordinary course of the duties of his office. The judgment and order appealed from should be reversed, and a new trial ordered, with costs to the appellant to abide the event.

Judgment and order reversed, and new trial granted, with costs to appellant to abide event.

---

(35 Misc. Rep. 135.)

### BRICK v. METROPOLITAN ST. RY. CO.

(City Court of New York, General Term. May, 1901.)

ACTION FOR NEGLIGENCE—INSTRUCTIONS.
  The evidence showed that plaintiff, a street sweeper, was injured by jumping back from a carriage against the shaft of the defendant's cart. The court charged that plaintiff must show freedom from any negligence and any contributory negligence, and that the negligence was entirely that of the defendant. *Held* erroneous, in that plaintiff was only required to show freedom from negligence which contributed proximately to the result.

Appeal from trial term.

Action by Joseph Brick against the Metropolitan Street-Railway Company. From a judgment entered on a verdict in favor of defendant, and from an order denying a new trial, plaintiff appeals. Reversed.

Argued before FITZSIMONS, C. J., and HASCALL and O'DWYER, JJ.

Harrison, Seasongood & Edwards (Wm. H. Leonard Edwards and Clifford Seasongood, of counsel), for appellant.

Henry A. Robinson (John T. Little, of counsel), for respondent.

PER CURIAM. The court charged the jury as follows:

"The plaintiff, in order to recover, must not only establish to your satisfaction, from the evidence presented, that he has been entirely free from negligence and from any contributory negligence such as might have brought about the accident, but he must also, as well, establish to your satisfaction that the negligence was entirely the negligence of the defendant."

To this portion of the charge plaintiff duly excepted. It was error for the court to charge that it was necessary for the plaintiff to prove his freedom from any contributory negligence such as might have brought about the accident. The correct rule of law is that the plaintiff's negligence must have contributed to the accident, and that negligence must be proximate and not remote.

It was further error in this case, in view of the defendant's story of how the accident happened (i. e., that the plaintiff jumped back from a carriage against the shaft of the defendant's cart) for the court to charge that the plaintiff was bound to show that the negligence was entirely the negligence of the defendant. It may be that the accident occurred by reason of the negligence of the driver in charge of the carriage passing by, and the negligence of the defendant's servant. All that the plaintiff was called upon to prove was that the accident occurred without negligence on his part contribut-

ing thereto, and because of the negligence on the part of the defendant. The judgment and order appealed from should be reversed, and a new trial ordered, with costs to appellant to abide the event.

Judgment and order reversed, and new trial ordered, with costs to appellant to abide event.